1   SEYFARTH SHAW LLP
    David D. Kadue (SBN 113578)
2   dkadue@seyfarth.com
    Christopher A. Crosman (SBN 190336)
3   ccrosman@seyfarth.com
    2029 Century Park East, Suite 3500
4   Los Angeles, California  90067-3021
    Telephone:  (310) 277-7200
5   Facsimile:  (310) 201-5219

6   Attorneys for Defendants
    INTERPUBLIC GROUP OF COMPANIES and
7   CMGRP, Inc. (erroneously named herein as
    "ROGERS & COWAN, INC.")

8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11  DANIEL MALAKHOV, an individual,        Case No.  CV11- 06605 GW. (FMOX)
    on behalf of himself and all others
12  similarly situated,
                                           **NOTICE OF REMOVAL BY**
13          Plaintiff,                      **DEFENDANTS**

14          v.                             **[CLASS ACTION FAIRNESS
                                           ACT OF 2005]**
15  ROGERS & COWAN, INC., a
    California corporation, THE            [Los Angeles Superior Court
16  INTERPUBLIC GROUP OF                   Case No. BC464612]
    COMPANIES, INC., a Delaware
17  corporation; and DOES 1 through 50,    Complaint Filed:   June 30, 2011
    inclusive
18
            Defendants.
19

20

21

22

23

24

25

26

27

28

    ───────────────────────────────────────
                    NOTICE OF REMOVAL BY DEFENDANTS
                    CASE NO. _____

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

 **PLEASE TAKE NOTICE** that Defendants The Interpublic Group of Companies, Inc. ("Interpublic") and CMGRP, Inc. (erroneously named herein as "Rogers & Cowan, Inc.") file this notice of removal pursuant to 28 U.S.C. Sections 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. Section 1332(d)(2), to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of Los Angeles, and states that the removal is proper for the following reasons.

<b>BACKGROUND</b>

 1. On June 30, 2011, Plaintiff, Daniel Malakhov, filed a Complaint in the Superior Court of the State of California, County of Los Angeles, Case No. BC464612.  Malakhov sues Interpublic, and also sues "Rogers & Cowan, Inc.," which actually is an unincorporated subsidiary of CMGRP, Inc., a New York Corporation that is owned by Interpublic.  Malakhov contends that both Interpublic and "Rogers & Cowan" (CMGRP, Inc.) were his employers.  (Complaint ¶10). In fact, CMGRP, Inc. was Malakhov's employer during the time period relevant to this action.  (*See* Declaration of Kelly Saunders ("Saunders Decl.") ¶ 3).

 2. The Complaint purports to assert ten claims for relief arising out of Defendants' alleged failure to observe, as to Plaintiff and a purported class of similarly situated individuals, requirements set forth in Labor Code Sections 1194 (recovery of unpaid minimum wages), 1194 (recovery of unpaid overtime wages), 221-223 (recovery of unpaid wages at the agreed rate), 226.7 (failure to provide meal periods), 226.7 (failure to provide rest periods), 226(a) (failure to timely furnish accurate itemized wage statements), 203 (failure to timely pay wages at termination), as well as claims for declaratory and injunctive relief, and for unfair competition pursuant to Business & Professions Code Section 17200, *et seq.*

1

**TIMELINESS OF REMOVAL**

3.      On July 13, 2011, Interpublic was served with a copy of the Summons and Complaint, which was filed June 30, 2011.  The Complaint is copied in Exhibit A.

4.      This notice of removal is timely as it is filed within 30 days of the first receipt by a defendant of a copy of the summons and complaint in this matter. 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION – CLASS ACTION FAIRNESS ACT**

5.      This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C. Section 1332(d)(2).  As set forth below, this action is removable, pursuant to the provisions of 28 U.S.C. Section 1441(a), as it is a purported class action on behalf of over 100 individuals and the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which at least one class member is a citizen of a State different from that of the Defendant.

**Diverse Citizenship of the Parties**

6.      **Plaintiff's Citizenship.**  Plaintiff is a resident of, and domiciled in, the State of California (Complaint ¶ 9), and is therefore a citizen thereof.  To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

7.      **Defendants' Citizenship.**  Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Interpublic is now, and ever since this action commenced has been, incorporated

2

1  under the laws of the State of Delaware, with its principal place of business in the

2  State of New York.  (*See* Saunders Decl. ¶ 4).

3       8.     Interpublic's principal place of business is New York because, as the

4  Supreme Court has recently established, the appropriate test to determine a

5  corporation's principal place of business is the "nerve center" test.  *Hertz Corp. v.*

6  *Friend*, 130 S. Ct. 1181, 599 U.S. ____ (U.S. Feb. 23, 2010).  As New York is the

7  site of Interpublic's corporate headquarters and executive offices, where

8  Interpublic's high level officers direct, control, and coordinate Interpublic's

9  activities, Interpublic's "nerve center" is in New York.

10      9.     Rogers & Cowan, erroneously sued herein as "Rogers & Cowan, Inc.,

11  a California corporation," is an unincorporated subsidiary of CMGRP, Inc. a New

12  York corporation with its principal place of business in New York. (*See* Saunders

13  Decl. ¶ 3).

14      10.    **Doe Defendants.**  Pursuant to 28 U.S.C. Section 1441(a), the

15  residence of fictitious and unknown defendants should be disregarded for purposes

16  of establishing removal jurisdiction under 28 U.S.C. Section 1332.  *Fristos v.*

17  *Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants

18  are not required to join in a removal petition).  Thus, the existence of Doe

19  defendants in this case does not deprive this Court of jurisdiction.

20                           **Amount in Controversy**

21      11.    Although Defendants deny that Plaintiff or the putative class are

22  entitled to any recovery, the alleged amount in controversy in this class action

23  exceeds, in the aggregate, Five Million Dollars ($5,000,000).  The Complaint

24  alleges that the plaintiff class consists of all persons employed by Defendants in

25  California who were classified as non-exempt employees during the time-periods

26  applicable to Plaintiff's claims (Complaint ¶ 22).  Plaintiff alleges a class size

27  exceeding 300 employees (Complaint ¶ 24).  In fact, Defendants and their

28  subsidiaries currently employ 625 non-exempt employees in California, with an

3

additional 1,601 non-exempt employees in California who terminated their employment within the three years preceding the filing of the Complaint. (*See* Declaration of Kevin Ekborg "Ekborg Decl." ¶ 3). The Complaint seeks payment of wages, penalties, statutory damages, restitution and attorney's fees, as well as declaratory and injunctive relief. (Complaint at 25:22-30:2, Prayer for Relief). The amount in controversy implicated by the class-wide allegations exceeds Five Million Dollars ($5,000,000), as demonstrated below.

**A.     California Labor Code § 203.** The Complaint alleges a willful failure to timely pay wages upon termination, for which the penalty is 30 consecutive days of wages at the employee's regular rate.

During the time period from June 30, 2008 through the present, non-exempt employees of Defendants and their subsidiaries in California who terminated their employment earned an average hourly wage of $48.17. (*See* Ekborg Decl. ¶ 3).

The potential liability for waiting-time penalties under Plaintiff's theory of recovery amounts to $18,508,840 ($48.17 average hourly rate x 8 hours x 30 days x 1,601 terminated employees).

**B.     Plaintiff's Remaining Claims**

Because the amount in controversy on the Labor Code section 203 claim more than triples the jurisdictional minimum, it is unnecessary for Defendants to calculate the total amount in controversy as to Plaintiff's remaining claims. However, if these claims were considered, the amount in controversy on a number of these claims would exceed $5,000,000 each.

**(1)     California Labor Code Sections 1194,  221-223.**

Plaintiff alleges two separate claims under Section 1194, and a claim under Sections 221-223, each of which seeks recovery for the same alleged "off-the-clock" work. This is described as "time spent by class members doing the following: (a) attending company-sponsored events, (b) attending client-sponsored events to assist in developing client relationships, (c) perform [sic] various and

4

1   sundry tasks for company clients, and (d) perform [sic] personal services for

2   company managers and/or executives.  This list is by no means exhaustive."

3   (Complaint ¶¶ 32, 40, 48).  Because these claims duplicate one another, a single

4   amount-in-controversy calculation is appropriate for all three claims combined.

5   The Complaint does not allege the frequency of this purported off-the-clock work,

6   and therefore Defendants assume here only a conservative one hour of unpaid

7   overtime wages per employee, per week, as to all three of these claims combined.

8         The 625 current non-exempt employees of Defendants in California earn an

9   average hourly wage of $30.60, which yields an average overtime rate of $45.90.

10  (*See* Ekborg Decl. ¶ 3).  Assuming only one hour of unpaid overtime per

11  employee, per week, the amount in controversy calculation would be:  1 hour x 52

12  weeks x 4 years x 625 employees x $45.90 OT rate.

13        Plaintiff also alleges that the class is entitled to penalties for non-payment of

14  wages pursuant to section 20(A) of "the applicable IWC Wage Order."  (Complaint

15  ¶¶36, 43).  This section provides for a $50 penalty, per employee, per pay period in

16  which the employee is not paid all wages due.  Defendants' employees are paid on

17  a semi-monthly basis.  (*See* Ekborg Decl. ¶ 3).  Therefore, potential penalties under

18  this section would be calculated:  24 pay periods x 1 year x 625 employees x $50

19  penalty.

20        **(2)     California Labor Code § 226.7.**  The Complaint alleges that

21  Defendants "routinely failed" to provide proper meal and rest breaks to the

22  purported class (Complaint ¶¶ 54, 61).  If Defendants' alleged actions caused these

23  employees to miss just one meal period and one rest break per week, then the

24  potential meal and rest pay owed would be calculated: (1 meal period + 1 rest

25  break) x 52 weeks x 4 years x 625 employees x $30.60 hourly rate.

26        **(3)     California Labor Code § 226(a).**  The Complaint alleges that

27  Defendants failed to provide class members with proper itemized wage statements

28  with respect to statements of hourly rates, in violation of California Labor Code

NOTICE OF REMOVAL BY DEFENDANTS
CASE NO. _____

Section 226 (Complaint ¶¶ 67-73).  The penalty specified under Labor Code Section 226(e) is $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee.  Because putative class members were paid bimonthly, during the applicable one-year limitations period the amount in controversy on the Section 226(e) claim would be calculated: 24 pay periods x 1 year x 625 employees x $50 penalty.

    **C.    Attorney's fees.**  The Complaint alleges that class members are entitled to recover attorney's fees (Complaint at 26:18-21, 27:11-14, 28:4-6; 28:15-16, 28:25-26, 29:27-30:2).  Requests for attorney's fees must be taken into account in ascertaining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

    12.    Because diversity of citizenship exists, the Plaintiff being domiciled in, and a citizen of, the State of California, Defendant Interpublic being a citizen of the States of Delaware and New York, and CMGRP being a citizen of the State of New York, and because this is a purported class action with over 100 class members and the amount in controversy exceeds Five Million Dollars ($5,000,000), this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(d)(2).  This action is therefore a proper one for removal to this Court.

**VENUE**

    13.    Venue lies in this Court pursuant to 28 U.S.C. Section 1391.  This action originally was brought in the Superior Court of the State of California, County of Los Angeles, and Plaintiff resides in the County of Los Angeles.

NOTICE OF REMOVAL BY DEFENDANTS
CASE NO. _____

1               **NOTICE OF NOTICE OF REMOVAL**

2        14.     Notice of this Notice of Removal will promptly be served on Plaintiff

3 and the Clerk of the Superior Court of the State of California in and for the County

4 of Los Angeles.

5        15.     In compliance with 28 U.S.C. Section 1446(a), we have attached a

6 copy of the state-court papers filed herein—Notice of Case Assignment, the

7 Complaint and the Summons (Exhibit A).

8       WHEREFORE, Defendants pray that this civil action be removed from the

9 Superior Court of the State of California, County of Los Angeles to the United

10 States District Court for the Central District of California.

11

12 DATED: August 11, 2011      SEYFARTH SHAW LLP

13

14               By _____

15                     David D. Kadue

                     Christopher A. Crosman

16                     Attorneys for Defendant

                     THE INTERPUBLIC GROUP OF COMPANIES,

17                     INC. and CMGRP, Inc. (erroneously named herein

                     as "Rogers & Cowan, Inc.")

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL BY DEFENDANTS
CASE NO. _____

1                    **PROOF OF SERVICE**

2   STATE OF CALIFORNIA        )
                                   ) ss

3   COUNTY OF LOS ANGELES    )

4         I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP,

5   2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On August 11, 2011, I served the within documents:

6

7             **NOTICE OF REMOVAL BY DEFENDANTS**

8   ☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

9
    ☐     by personally delivering the document(s) listed above to the person(s) at

10           the address(es) set forth below.

11   ☐     by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage

12           paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

13   ☐     by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

14

15   THE CULLEN LAW FIRM, APC     Telephone:  (626) 744-9125
    Paul T. Cullen, Esq.                 Facsimile:   (866) 794-5741

16   Email: paul@cullenlegal.com
    Craig S. Pynes, Esq.

17   Email: csp@cullenlegal.com
    29229 Canwood Street, Suite 208

18   Agoura Hills, CA 91301-1555

19         I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the

20   U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service

21   is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

22         I declare that I am employed in the office of a member of the bar of this

23   court whose direction the service was made.

24         Executed on August 11, 2011, at Los Angeles, California.

25

26                                         Patricia E. Haden

27

28

13583858v.4                                               **PROOF OF SERVICE**
                                   CASE NO. _____

# Exhibit "A"

**SUM-100**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 30 2011

John A. Clarke, Executive Officer/Clerk
By _____ , Deputy
SHAUNYA WESLEY

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

ROGERS & COWAN, INC., a California corporation, THE
INTERPUBLIC GROUP OF COMPANIES, INC., a Delaware
corporation; and DOES 1 through 50, inclusive

**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

DANIEL MALAKHOV, an individual, on behalf of himself and all
others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es:) Superior Court, County of Los Angeles<br><br>111 North Hill St., Los Angeles, CA 90012 | **CASE NUMBER:**<br>(Número del Caso:)<br>**BC464612** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Paul T. Cullen; Cullen Law Firm, 29229 Canwood St., Ste 208; Agoura Hills, CA  91301; Tel 818 338 8915

| | | | | |
|---|---|---|---|---|
| **DATE:**<br>(Fecha)   JUN 30 2011 | Clerk, by<br>(Secretario) | **Shaunya Wesley** | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  THE INTERPUBLIC GROUP OF COMPANIES, INC., a
Delaware corporation

under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

THE CULLEN LAW FIRM, APC
Paul T. Cullen, Esq. (#193575)
Craig S. Pynes, Esq. (#151552)
29229 Canwood Street, Suite 208
Agoura Hills, CA 91301-1555
Tel: (626) 744-9125 / fax (866) 794-5741

Attorneys for Plaintiff Daniel Malakhov

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 30 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| DANIEL MALAKHOV, an individual, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>ROGERS & COWAN, INC., a California corporation, THE INTERPUBLIC GROUP OF COMPANIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>       Defendants. | CASE NO. :  **BC 464612**<br><br>**CLASS ACTION**   (CCP §382)<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF:**<br>1. **RECOVERY OF UNPAID MINIMUM WAGES (LC§1194);**<br>2. **RECOVERY OF UNPAID OVERTIME WAGES (LC §1194);**<br>3. **RECOVERY OF UNPAID WAGES AT THE AGREED RATE (SECRET LOWER WAGE) (LC § 221-223)**<br>4. **FAILURE TO PROVIDE MEAL PERIODS (LC§ 226.7);**<br>5. **FAILURE TO PROVIDE REST PERIODS (LC§ 226.7);**<br>6. **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS (LC§ 226(a));**<br>7. **VIOLATIONS OF LABOR CODE § 203;**<br>8. **DECLARATORY RELIEF;**<br>9. **INJUNCTIVE RELIEF; AND**<br>10. **UNFAIR BUSINESS PRACTICES (B&PC § 17200 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

1

Plaintiff, DANIEL MALAKHOV on behalf of himself, all others similarly situated, and the general public (hereinafter "Plaintiff") hereby files this Complaint against Defendants ROGERS & COWAN, INC., a California corporation, THE INTERPUBLIC GROUP OF COMPANIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive, (hereinafter collectively referred to as "Defendants"). Plaintiff is informed and believes, and on the basis of that information and belief, alleges as follows:

## I.

## INTRODUCTION

1.      Pursuant to Cal. Code Civ. Procedure (CCP) § 382, and California Business and Professions Code ("B&PC") §§ 17200, et seq., Plaintiff has filed this action, seeking class action treatment, to recover unpaid wages and penalties from Defendants for their violations of, *inter alia*, California Labor Code ("Labor Code") §§ 200, et seq., 512 and 1194, et seq., B&PC §§17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)"), and related common law principles.

2.      This Class Action lawsuit challenges the Defendants' employment practices with respect to their non-exempt employees in the State of California (i.e. employees that the Defendants considered to be non-exempt, to wit their hourly paid employees and overtime-eligible salaried employees), primarily in that Defendants did not pay these employees minimum and/or overtime wages for all hours worked and failed to ensure that these employees were actually relieved of all duty at meal and rest periods. Plaintiff's action seeks general and liquidated damages, penalties, declaratory relief, injunctive relief and restitution from Defendants.

3.     The acts complained of herein have occurred, are presently occurring, and are expected to continue occurring, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter (hereinafter, the "Relevant Time Period").

4.     Plaintiff is informed and believes and thereon alleges that most, if not all of Defendants' non-exempt employees were suffered to work after their regular shifts concluded attending to work on behalf of the Defendants herein, typically attending promotional events with Defendants' clients and providing services to said clients on behalf of the employer without any pay whatsoever.  While Defendants may contend that any such tasks were done on a volunteer basis, it is worth noting that other employees of the Defendants herein were paid for performing such tasks.  Moreover, Defendants' non-exempt employees were informed that failure to "volunteer" to work for the Defendants at such after-hours events would negatively affect their ability to advance in their careers with the Defendants herein.

5.     Any differences between particular individual employees who have worked for the Defendants herein at such after-hours events (essentially working "off the clock" or OTC), in terms of the duties actually performed, were and are legally insignificant to the issues presented by this action.

6.     The economic reality of the relationship was that the Plaintiff and the Class, who were non-exempt employees of the Defendants, were suffered to:

        a.   regularly work without being paid minimum wages, premium overtime wages or wages at the agreed rates as required by law (e.g. Labor Code §§ 221-223 and 1194);

b.  work without being afforded proper meal and rest periods in conformity with California law (e.g. Labor Code § 226.7 and the applicable IWC Wage Order(s));

c.  work without being provided accurate wage statements/paystubs in violation of Labor Code § 226(a);

d.  work without having timely received all pay due to them, in particular, upon the termination of their employment (whether voluntary or involuntary), in violation of Labor Code § 203;

e.  work in a business environment where they were routinely and uniformly subjected to unfair business practices within the meaning of B&PC §§ 17200 et seq.

## II.
## JURISDICTION AND VENUE

7.   The Superior Court for the State of California in the County of Los Angeles-Central District has jurisdiction over this case by virtue of the fact that many of the alleged violations (a) of California Labor Code (i.e. §§ 200 et seq.), (b) California Business and Professions Code §§ 17200 et seq. and (c) related common law occurred in Los Angeles County.

8.   Venue is also proper in Superior Court for the State of California in Los Angeles County, in the Central District, because a substantial part of the events or omissions giving rise to the claims occurred and had their primary effect in this judicial district. Moreover, Plaintiff is informed and believes that at least one of the Defendants is domiciled in the State of California, and it operates facilities wherein it employed plaintiff to work in Los Angeles County within this

judicial district, i.e. *inter alia* in its office at the Pacific Design Center, 8687 Melrose Avenue, 7th Floor, Los Angeles 90069.

### III.

### PARTIES

NAMED PLAINTIFF

9.    Plaintiff DANIEL MALAKHOV, is an individual over the age of eighteen (18) and is now and/or at all relevant times mentioned in this Complaint was a resident and domiciliary of the State of California.

10.    Plaintiff worked for Defendants during the Relevant Time Period in California at, among other places, Defendants' offices at the Pacific Design Center located in the City of Los Angeles.

11.    Plaintiff occupied a salaried job position, but was considered by the Defendants herein to be overtime-eligible.

12.    Plaintiff seeks damages, including, but not limited to restitution for unpaid wages, penalties and other compensation, from Defendants for the Relevant Time Period, because Defendants have:

     a.    Failed to pay Plaintiffs (the term "Plaintiffs" herein shall mean the putative class as defined below) minimum wages or agreed rates for all hours worked;

     b.    Failed to provide Plaintiffs proper meal and rest periods;

     c.    Failed to furnish Plaintiffs accurate itemized wage statements;

     d.    Failed to pay Plaintiffs premium overtime wages for all hours worked in excess of 40 per week;

e.  Failed to timely pay Plaintiffs all wages due them at the time of their

termination from employment; and/or,

f.  Subjected Plaintiffs to unfair business practices within the meaning of B&PC

§§ 17200 et seq.

<u>DEFENDANT ROGERS & COWAN, INC., a California corporation</u>

13.  Plaintiff is informed and believes and thereon alleges that Defendant ROGERS &

COWAN, INC. is a nationally and internationally recognized public relations firm. However, its

status is unclear, as it appears to have been merged out according to the information publicly

available on the California Secretary of State's website.

<u>THE INTERPUBLIC GROUP OF COMPANIES, INC., a Delaware corporation</u>

14.  Plaintiff is informed and believes and thereon alleges that Defendant THE

INTERPUBLIC GROUP OF COMPANIES, INC. is the successor in liabilities to Defendant

ROGERS & COWAN, Inc. and has merged Rogers & Cowan, Inc. into itself.

<u>DEFENDANTS DOES 1 TO 50, INCLUSIVE</u>

15.  DOES 1 to 50, inclusive are now, and/or at all times mentioned in this Complaint

were licensed to do business and/or actually doing business in the State of California. Plaintiff

does not know the true names or capacities, whether individual, partner or corporate, of DOES 1

to 50, inclusive and for that reason, DOES 1 to 50 are sued under such fictitious names pursuant

to California <u>Code of Civil Procedure</u> ("<u>CCP</u>") §474. Plaintiff will seek leave of court to amend

this Complaint to allege such names and capacities as soon as they are ascertained. DOES 1

through 50 are believed to be business entities who were co-employers of the Plaintiff and the

putative Class herein.

///

**COMPLAINT FOR DAMAGES**

6

ALL DEFENDANTS

16.     Plaintiff is informed and believes, and based upon such information and belief alleges that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

17.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

18.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

19.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of the Plaintiff and the putative Class herein.

**COMPLAINT FOR DAMAGES**
7

20.     Defendants, and each of them, at all times mentioned in this Complaint concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

**IV.**

**CLASS ACTION ALLEGATIONS**

21.     Pursuant to CCP § 382, this action is brought and may be properly maintained as a class action.  This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

22.     The Class of individuals for which plaintiff seeks class certification pursuant to CCP § 382 is defined as follows:

> All of Defendants' California-based employees who worked for Defendants during the Relevant Time Period and who were categorized by Defendants as non-exempt employees, including hourly-paid employees and overtime-eligible, salaried employees.

23.     Plaintiff further seeks to establish one subclass, the Labor Code § 203 Subclass, which is defined as all Class members who are no longer employed by Defendants herein.

24.     Numerosity:  Plaintiff is informed and believes and based on such information and belief alleges that, the potential membership in each of the classes is so numerous that joinder of all members is impractical.  While the exact number of members in each of the classes is presently unknown to Plaintiff, Plaintiff estimates membership in the Class to exceed 300 and the Subclass to exceed 200.  The exact number and specific identities of the members of the Class, including the Labor Code § 203 Subclass, may be readily ascertained through inspection of Defendants' business records.

25. <u>Questions of Law or Fact Common to the Class</u>: Plaintiff is informed and believes and based on such information and belief alleges that numerous questions of law and/or fact are common to all members of the Class and Subclass (and that these common questions predominate over any individual issues), including, without limitation:

    a. Whether the members of the Class received the legal minimum wage or agreed rate under California law for all hours during which they were subject to Defendants' control;

    b. Whether Defendants failed and continue to fail to provide meal periods and paid rest periods, free of duty, to the members of the Class in violation of the <u>Labor Code</u> and Sections 11 and 12 of the applicable <u>IWC Wage Order(s)</u>;

    c. Whether the members of the Class are entitled to seek recovery of compensation pursuant to <u>Labor Code</u> § 558 and, if so, for what time period(s);

    d. Whether Defendants failed to timely furnish accurate itemized statements to the members of the Class in conformity with <u>Labor Code</u> § 226(a) and, if not, whether liability for the same accrues under <u>Labor Code</u> § 226(e) and (g);

    e. Whether the members of the <u>Labor Code</u> § 203 Subclass are entitled to penalties pursuant to <u>Labor Code</u> § 203;

    f. The correct statute of limitations for the claims of the members of the Class;

    g. Whether Defendants' conduct constitutes unfair competition and/or business practices within the meaning of <u>B&PC</u> §17200 et seq.;

    h. Whether the members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

<b>COMPLAINT FOR DAMAGES</b>

i.   Whether the members of the Class are entitled to injunctive relief;

j.   Whether the members of the Class are entitled to restitution;

k.   Whether Defendants are liable for pre-judgment interest; and

l.   Whether Defendants are liable for attorneys' fees and costs.

26.   <u>Typicality</u>:  Plaintiff is informed and believes and based on such information and belief alleges that Plaintiff's claims are typical of the claims of all members of the Class whom he seeks to represent.  Defendants treated both Plaintiff and all members of the Class in a virtually identical manner with respect to the violations of law asserted herein.  These violations of law arise out of Defendants' common course of conduct in requiring members of the Class to (a) work hours for which they were not properly compensated (in terms of basic minimum wages, premium overtime wages, or agreed rates), (b) forego duty free meal breaks and rest periods to which they were entitled, (c) receive inaccurate wage statements, and (d) endure patently unfair business practices within the meaning of <u>B&PC</u> § 17200, et seq.

27.   <u>Adequacy</u>:  Plaintiff is informed and believes and based on such information and belief alleges that Plaintiff will fairly and adequately protect the interests of the members of the Class he seeks to represent.  Plaintiff is an adequate representative of the Class, because he is a member of the Class, and his interests do not conflict with the interests of the members of the Class he seeks to represent.  Plaintiff has retained counsel competent and experienced in the prosecution of complex class actions, and Plaintiff, together with his counsel, intends to prosecute this action vigorously for the benefit of the Class.  The interests of the Class members will be fairly an adequately protected by Plaintiff and his counsel.

28.   <u>Superiority</u>: Plaintiff is informed and believes and based on such information and belief alleges that this action is properly brought as a class action, not only because the

prerequisites of CCP § 382 and common law related thereto are satisfied (as outlined above), but also because of the following:

    a.  The prosecution of separate actions by or against individual members of the Class would create risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class;

    b.  Adjudications with respect to individuals members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

    c.  Defendants have acted or refused to act on grounds generally applicable to all members of the Class, making injunctive relief or declaratory relief appropriate with respect to all of the Class;

    d.  Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and,

    e.  Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

///

///

## V.

## INDIVIDUAL CAUSES OF ACTION

### FIRST CAUSE OF ACTION

RECOVERY OF UNPAID MINIMUM WAGES
**(Pursuant to Labor Code §§ 221-223, 1194 - On Behalf of the Class)**
**(Against All Defendants)**

29.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

30.     Failure of an employer to pay its employees the minimum wage fixed by the California Labor Commission violates, *inter alia* Labor Code §1197.

31.     During the Relevant Time Period, Defendants required the members of the Class to remain under Defendants' control without paying therefor, which resulted in the members of the Class earning less than the legal minimum wage in the State of California for portions of the days during which they worked.

32.     Specifically, Defendants maintained a practice of refusing to pay hourly rates of at least the state-mandated minimum wage for time spent by Class members doing the following: (a) attending company-sponsored events to accompany the company's clients and/or perform other labor to facilitate the production of such events, (b) attending client-sponsored events to assist in developing client relationships, (c) perform various and sundry tasks for company clients, and (d) perform personal services for company managers and/or executives. This list is by no means exhaustive.

33. Defendants' pattern and practice of uniformly administering a corporate policy, whereby Defendants failed to pay the legal minimum wage to the members of the Class, violates Labor Code § 1194(a).

34. Accordingly, the members of the Class seek to recover, pursuant to Labor Code § 1194(a), the unpaid balance of the minimum wages owed them.

35. Plaintiff further seeks liquidated damages pursuant to Labor Code § 1194.2(a) on the uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

36. Plaintiff further seeks, as a consequence of Defendants' non-payment of minimum wages, penalties pursuant to the applicable IWC Wage Order at § 20(A).

37. Plaintiff also seeks all legal remedies available for Defendants' willful non-payment of minimum wages, including but not limited to:

    a.    Interest pursuant to Labor Code §§ 218.6 and 1194(a), and Civil Code §§ 3287 and 3289;

    b.    Reasonable attorneys' fees and costs of suit pursuant to Labor Code §§ 218.5 and 1194;

    c.    Damages and/or penalties pursuant to Labor Code §558(a).

///

///

## SECOND CAUSE OF ACTION

RECOVERY OF UNPAID OVERTIME WAGES
**(Pursuant to Labor Code § 1194 - On Behalf of the Class)**
**(Against All Defendants)**

38.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

39.     During the Relevant Time Period, Defendants required the members of the Class to remain under Defendants' control without paying therefor, which also resulted in the members of the Class not being paid appropriate premium overtime rates for portions of the days during which they worked OTC.

40.     Specifically, Defendants maintained a practice of refusing to pay premium overtime for time spent by Class members in excess of 8 hours per day and/or 40 hours per week doing the following:  (a) attending company-sponsored events to accompany the company's clients and/or perform other labor to facilitate the production of such events, (b) attending client-sponsored events to assist in developing client relationships, (c) perform various and sundry tasks for company clients, and (d) perform personal services for company managers and/or executives.  This list is by no means exhaustive.

41.     Defendants' pattern and practice of uniformly administering a corporate policy, whereby Defendants failed to pay premium overtime wages to the members of the Class, violates *inter alia*  Labor Code §1194(a).

42.     Accordingly, the members of the Class seek to recover, pursuant to Labor Code § 1194(a), the unpaid balance of the overtime wages owed them.

43. Plaintiff further seeks, as a consequence of Defendants' non-payment of minimum wages, penalties pursuant to the applicable IWC Wage Order at § 20(A).

44. Plaintiff also seeks all legal remedies available for Defendants' willful non-payment of minimum wages, including but not limited to:

    a.    Interest pursuant to Labor Code §§ 218.6 and 1194(a), and Civil Code §§ 3287 and 3289;

    b.    Reasonable attorneys' fees and costs of suit pursuant to Labor Code §§ 218.5 and 1194;

    c.    Damages and/or penalties pursuant to Labor Code §558(a).

## THIRD CAUSE OF ACTION

### RECOVERY OF UNPAID WAGES AT THE AGREED RATE

### (SECRET LOWER WAGE)

**(Pursuant to Labor Code §§ 221-223 – On Behalf of the Class)**
**(Against All Defendants)**

45. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

46. Failure of an employer to pay its employees the agreed rate violates Labor Code §§ 221-223.

47. During the Relevant Time Period, Defendants required the members of the Class to remain under Defendants' control without paying therefor, which resulted in the members of the Class earning less than the agreed rate for portions of the days during which they worked.

48.     Specifically, Defendants maintained a practice of refusing to pay hourly rates of at least the agreed rate for time spent by Class members doing the following: (a) attending company-sponsored events to accompany the company's clients and/or perform other labor to facilitate the production of such events, (b) attending client-sponsored events to assist in developing client relationships, (c) perform various and sundry tasks for company clients, and (d) perform personal services for company managers and/or executives. This list is by no means exhaustive.

49.     Defendants' pattern and practice of uniformly administering a corporate policy, whereby Defendants failed to pay the agreed upon rate to the members of the Class for the portions of the day specified hereinabove (e.g. in paragraph 48), violates <u>Labor Code</u> §§ 221-223 and so constitutes an unjust enrichment.

50.     Accordingly, the members of the Class seek to recover the unpaid balance of wages at the agreed rate owed them.

51.     Plaintiff also seeks all legal remedies available for Defendants' willful non-payment of wages at the agreed rate, including but not limited to:

a.      Interest pursuant to <u>Labor Code</u> § 218.6 and <u>Civil Code</u> §§ 3287 and 3289;

b.      Reasonable attorneys' fees and costs of suit pursuant to <u>Labor Code</u> § 218.5;

c.      Damages and/or penalties pursuant to <u>Labor Code</u> § 558(a).

///

///

**COMPLAINT FOR DAMAGES**

16

# FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS
### (Pursuant to Labor Code § 226.7 - On Behalf of the Class)
### (Against All Defendants)

52.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

53.     Plaintiff is informed and believes and thereon alleges that all members of the Class regularly worked more than five (5) hours per shift; thus, they were entitled to a meal period of not less than thirty (30) minutes without duty.  In instances where Class members worked in excess of 10 hours in a given day, they were entitled to a second meal period.

54.     Nevertheless, Plaintiff is informed and believes and thereon alleges that Defendants routinely failed to timely provide members of the Class with such meal periods without duty, notwithstanding the fact that members of the Class had not waived their right to the same.  This is to say that Defendants failed to provide Class members meal periods pursuant to the requirements established by Labor Code §§ 226.7, 512, 516 and Section 11 of the IWC Wage Order(s).

55.     Plaintiff seeks damages (in terms of premium pay) pursuant to Section 11(D) of the IWC Wage Order(s) and Labor Code § 226.7(b) in the amount of one (1) additional hour of pay at the employee's regular rate of compensation for each meal period that was not provided to any member of the Class, the cumulative sum of which is to be proved at time of trial.

56.     Plaintiff further seeks penalties pursuant to Labor Code § 558(a) for Defendants' failure to provide such meal periods.

57.     Plaintiff seeks pre-judgment interest on all amounts recovered herein pursuant to Labor Code §§ 218.6 and 1194(a) and Civil Code §§ 3287(b) and 3289.

58.     Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

### FIFTH CAUSE OF ACTION

FAILURE TO PROVIDE REST PERIODS

**(Pursuant to Labor Code § 226.7 - On Behalf of the Class)**
**(Against All Defendants)**

59.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

60.     Plaintiff is informed and believes and thereon alleges that all members of the Class regularly worked more than four (4) hours per shift or a major fraction thereof; thus, they were entitled to a rest period of not less than 10 minutes without duty for each such four-hour period.

61.     Nevertheless, Plaintiff is informed and believes and thereon alleges that Defendants routinely failed to timely provide members of the Class with such duty-free, paid rest periods, notwithstanding the fact that members of the Class had not waived their right to the same. This is to say that Defendants failed to provide Class members rest periods pursuant to the requirements established by Labor Code §§ 226.7, 512, 516 and Section 12 of the IWC Wage Order(s).

62.     Plaintiff seeks damages (in terms of premium pay) pursuant to Section 12(B) of the IWC Wage Order(s) and Labor Code § 226.7(b), in the amount of one (1) additional hour of

pay at the employee's regular rate of compensation for each rest period that was not provided to any member of the Class, the cumulative sum of which is to be proved at time of trial.

63.     Plaintiff further seeks penalties pursuant to Labor Code § 558(a) for Defendants' failure to provide such rest periods.

64.     Plaintiff seeks pre-judgment interest on all amounts recovered herein pursuant to Labor Code §§ 218.6 and 1194(a) and Civil Code §§ 3287(b) and 3289.

65.     Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

## SIXTH CAUSE OF ACTION
### FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
**(Pursuant to Labor Code § 226(a) – On Behalf of the Class)**
**(Against All Defendants)**

66.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

67.     Defendants paid the Class on either an hourly basis or an overtime-eligible salaried basis.  Irrespective of which of these two categories a Class Member fell into, the fact of the matter was that none of the time at issue in this lawsuit was paid for in any way whatsoever by the Defendants herein.  Essentially it was off-the-clock work performed by non-exempt employees at the direct behest of the employer.

68.     Plaintiff is informed and believes and thereon alleges that Defendants, in violation of Labor Code § 226(a), engaged in a consistent practice with respect to the Class of regularly failing to furnish each of the members of the Class with accurate itemized statements in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) net wages earned

and/or (4) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

69.    Plaintiff is further informed and believes and thereon alleges that Defendants did not maintain accurate business records pertaining to the total hours worked for Defendants by the members of the Class.

70.    Plaintiff and Class Members have suffered actionable legal injuries as a result of said violations, such as (a) the risk that will not be paid overtime for all hours actually worked, (b) confusion over whether they received all wages owed them, (c) difficulty and expense involved in reconstructing pay records to compute all pay actually due and owing, and/or (d) the need to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked

71.    Plaintiff herein seeks on behalf of himself and the Class, penalties pursuant to Labor Code § 226(e) for each violation by Defendants of Labor Code § 226(a).

72.    Plaintiff further seeks preliminary and permanent injunctive relief pursuant to Labor Code § 226(g).

73.    Plaintiff seeks an award of reasonable attorneys' fees and costs pursuant to Labor Code § 226(g).

///

///

## SEVENTH CAUSE OF ACTION
VIOLATIONS OF LABOR CODE §203
**(Pursuant to Labor Code § 203 - On Behalf of the LC 203 Subclass)**
**(Against All Defendants)**

74.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

75.     Plaintiff is informed and believes and thereon alleges that Defendants, in violation of Labor Code § 203, consistently and willfully failed to timely pay not only them, but all members of the Labor Code § 203 Subclass, all wages due and owing to said Subclass members at the time of termination of employment, including basic minimum wages, overtime wages, agreed-upon wages, and premium pay due for denial of meal periods as set forth hereinabove.

76.     Plaintiff seeks on behalf of Labor Code § 203 Subclass the penalties to which they are entitled pursuant to Labor Code § 203, in the amount of each Labor Code § 203 Subclass members' daily wage multiplied by thirty (30) days, the exact amount of which is to be determined at trial.

## EIGHTH CAUSE OF ACTION
DECLARATORY RELIEF
**(On Behalf of the Class)**
**(Against All Defendants)**

77.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

78.     An actual controversy has arisen between the Plaintiff and the plaintiff Class, on one hand, and the Defendants, on the other hand, relating to the following matters:

a. Whether Defendants have unlawfully suffered Plaintiff and the plaintiff Class to work without appropriate minimum and/or premium overtime wages therefor in violation of the law as set forth hereinabove;

b. Whether Defendants' conduct with respect to the foregoing was willful;

c. Whether Defendants have unlawfully paid the Plaintiff in the plaintiff Class a secret lower wage in violation of the law as set forth hereinabove;

d. Whether Defendants, and each of them, may require, as a condition of employment, that current employee members of the plaintiff Class work regular hours and through rest periods without appropriate pay therefor, forego mandatory meal breaks, and accept inaccurate wage statements;

e. What amounts the Plaintiff and the plaintiff Class are entitled to receive in principal and interest for unpaid wages and/or penalties.

79. Plaintiff and the plaintiff Class further seek entry of a declaratory judgment against all Defendants herein and in Plaintiff's favor, which declares Defendants' practices to be unlawful, and which provides for recovery of all sums determined by this Court to be owed by Defendants, and each of them, to the Plaintiff and the plaintiff Class.

///

///

## NINTH CAUSE OF ACTION
### INJUNCTIVE RELIEF
**(On Behalf of All Classes)**
**(Against All Defendants)**

80.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

81.     As the Class members' employers, Defendants, and each of them, have threatened to continue to engage in the practices complained of hereinabove as to all members of the Class currently employed by the Defendants, that is to work regular and overtime hours and through rest periods without appropriate pay therefor, to forego meal breaks without duty, and to accept inaccurate wage statements.

82.     Plaintiff and members of the Class have been injured and damaged, and, those who are current employees, are threatened with further injury and damage by Defendants' continuance of such unlawful employment practices. Members of the plaintiff Class are threatened with immediate, irreparable harm by the continuance of Defendants' unlawful payment practices, and they have no adequate remedy at law.

83.     Defendants have acted, and threaten to act, on grounds generally applicable to the individual members of the Class, thereby making appropriate preliminary and permanent injunctive relief enjoining Defendants and their agents from practicing the unlawful practices heretofore alleged.

84.     As a direct and proximate result of Defendants' conduct, the Class are entitled to have this court grant them a preliminary and permanent injunction restraining Defendants from suffering their employees who are members of the Class herein from being required to work

regular and overtime hours and through rest periods without appropriate pay therefor, to forego meal periods without duty, and to accept inaccurate wage statements.

### TENTH CAUSE OF ACTION

UNFAIR BUSINESS PRACTICES
**(On Behalf of All Classes and the General Public)**
**(Against All Defendants)**

85.    Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

86.    Defendants, and each of them, have engaged in unfair business practices in California by utilizing and engaging in an unlawful pattern and practice of failing to properly pay employee compensation as described hereinabove, specifically, by requiring the plaintiff classes to perform the work without minimum and overtime wages, without timely meal and rest periods free of duty, and without proper wage statements.

87.    Defendants' use of such practices is unlawful and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

88.    Plaintiff and other similarly situated members of the general public seek full restitution on account of the economic injuries they have suffered along with disgorgement of ill-gotten gains from the Defendants as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair business practices complained of herein.

89.    Plaintiff seeks on his own behalf and on behalf of the general public, the appointment of a receiver, as necessary, to oversee said restitution, including all wages earned and unpaid, including interest thereon.

90.    The acts complained of herein, occurred, at least in part, within the last four (4) years preceding this Complaint for Damages.

91.    Further, if Defendants are not enjoined from the unlawful conduct described above, Defendants will continue unabated in their unlawful conduct, which will continue to result in irreparable injury to members of the general public, including, but not limited to all members of the Class who are current employees of the Defendants, and for which there is no adequate remedy at law. Thus, Plaintiff requests that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

92.    Plaintiff, on behalf of the general public and members of the Class, seeks full restitution from Defendants, as necessary and according to proof, to restore all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

## VI.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

a. That the Court issue an Order certifying the classes herein, appointing the named Plaintiff as representative of all others similarly situated, and appointing the law firm(s) representing the named Plaintiff as counsel for the members of the classes;

b. As to the First Cause of Action for Failure to Pay minimum wages:

1.    For recovery of the unpaid balance of the full amount of the minimum wages due and owing, according to proof;

COMPLAINT FOR DAMAGES
25

2.  For liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof), pursuant to, *inter alia*, <u>Labor Code</u> § 1194.2(a);

3.  For pre-judgment interest pursuant to, *inter alia*, <u>Labor Code</u> §§ 218.6 and 1194(a), <u>Civil Code</u> §§ 3287(b) and 3289;

4.  For compensation pursuant to <u>Labor Code</u> § 558;

5.  For an accounting, under administration of Plaintiff and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the classes who are owed monies by Defendants;

6.  For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

7.  For all other appropriate injunctive, declaratory and equitable relief;

8.  For interest to the extent permitted by law; and

9.  For an award of reasonable attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Labor Code § 1194(a) and/or any other applicable provision of law.

c.  <u>As to the Second Cause of Action for Failure to Pay Overtime Wages</u>:

1.  For recovery of the unpaid balance of the full amount of the overtime wages due and owing, according to proof;

2.  For pre-judgment interest pursuant to, *inter alia*, <u>Labor Code</u> §§ 218.6 and 1194(a) and <u>Civil Code</u> §§ 3287(b) and 3289;

3.  For compensation pursuant to <u>Labor Code</u> § 558;

4. For an accounting, under administration of Plaintiff and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the classes who are owed monies by Defendants;

5. For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

6. For all other appropriate injunctive, declaratory and equitable relief;

7. For interest to the extent permitted by law; and

8. For an award of reasonable attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Labor Code § 1194(a) and/or any other applicable provision of law.

d. As to the Third Cause of Action for Failure to Pay Wages at the Agreed Rate (Secret Lower Wage):

1. For the recovery of all unpaid wages due and owing, according to proof;

2. For pre-judgment interest pursuant to, *inter alia*, Labor Code § 218.6 and Civil Code §§ 3287(b) and 3289;

3. For compensation pursuant to Labor Code § 558;

4. For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants and the amounts to be refunded to members of the classes who are owed monies by Defendants;

5. For an Order of preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

6.     For all other appropriate injunctive, declaratory and equitable relief;

7.     For interest to the extent permitted by law; and

8.     For an award of reasonable attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Labor Code § 1194(a) or any applicable provision of law.

e.     As to the Fourth Cause of Action for Failure to Provide Meal Periods:

1.     For one (1) hour of premium pay at each employee's regular rate of compensation for each meal period that was not provided;

2.     For compensation pursuant to Labor Code § 558;

3.     For pre-judgment interest pursuant to Labor Code §§ 218.6 and 1194(a) and Civil Code §§ 3287(b) and 3289;

4.     For an award of reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

f.     As to the Fifth Cause of Action for Failure to Provide Rest Periods:

1.     For one (1) hour of premium pay at each employee's regular rate of compensation for each rest period that was not provided;

2.     For compensation pursuant to Labor Code § 558;

3.     For pre-judgment interest pursuant to Labor Code §§ 218.6 and 1194(a) and Civil Code §§ 3287(b) and 3289;

    For an award of reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

g.     As to the Sixth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements:

1.    For penalties as authorized by <u>Labor Code</u> § 226(e);

2.    For injunctive relief pursuant to <u>Labor Code</u> § 226(g);

3.    For an award of costs and reasonable attorneys' fees pursuant to <u>Labor Code</u> § 226(g);

g.  <u>As to the Seventh Cause of Action for Violations of Labor Code § 203</u>:

    For penalties as authorized by Labor Code § 203;

h.  <u>As to the Eighth Cause of Action for Declaratory Relief</u>:

    Declaratory relief as sought therein.

i.  <u>As to the Ninth Cause of Action for Injunctive Relief:</u>

    Preliminary and Permanent Injunctive Relief as sought therein.

j.  <u>As to the Tenth Cause of Action for Unfair Business Practices</u>:

1.    For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the classes who are owed monies by Defendants;

2.    For an Order requiring Defendants to make full restitution and payment pursuant to California law;

3.    For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

4.    For all other appropriate injunctive, declaratory and equitable relief;

5.    For interest to the extent permitted by law; and

6.    For an award of reasonable attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to <u>Code</u>

**COMPLAINT FOR DAMAGES**

29

Civ.Proc. § 1021.5, Bus.&Prof.Code § 17200, et seq., Labor Code § 1194

and/or any other applicable provision of law.

## VIII.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his and the Class' claims by jury to the extent authorized by law.

Date: June 30, 2011

THE CULLEN LAW FIRM, APC

By: _____
Paul T. Cullen, Esq.
Attorneys for Plaintiff

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Paul T. Cullen, Esq., SBN 193575<br>The Cullen Law Firm, APC<br>29229 Canwood St., Suite 208<br>Agoura Hills, CA 91301<br>TELEPHONE NO.: 818-338-8915 FAX NO.: 866-794-5741<br>ATTORNEY FOR (Name): Plaintiff Daniel Malakhov | FOR COURT USE ONLY<br><br>**CONFORMED COPY**<br>**OF ORIGINAL FILED**<br>Los Angeles Superior Court<br><br>JUN 30 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Malakhov v. Roger & Cowan, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | B C 4 6 4 6 1 2 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (specify): ten (10)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 29, 2011
Paul T. Cullen
_____(TYPE OR PRINT NAME)_____    _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

Case 2:11-cv-06605-GW-FMO Document 1 Filed 08/11/11 Page 43 of 64 Page ID #:61

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Malakhov v. Rogers & Cowan, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓ YES    CLASS ACTION? ✓ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 30 ☐ HOURS/ ✓ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: | Malakhov v. Rogers & Cowan, Inc. | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case | ①, 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Malakhov v. Rogers & Cowan, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Malakhov v. Rogers & Cowan, Inc. | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>8657 Melrose Ave. |
|---|---|
| CITY: Los Angeles | STATE: California | ZIP CODE: 90069 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Central___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: June 29, 2011

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

BC 464612

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**

All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005) This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk
                                                                            By_____, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel** — The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel** — The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral** — The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | | |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)605-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-8272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-8151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

**Partially Funded by the Los Angeles County Dispute Resolution Program**
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
             (INSERT DATE)                               (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____ ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date: _____

_____ ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date: _____

_____ ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date: _____

_____ ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date: _____

_____ ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

Date: _____

_____ ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

Date: _____

_____ ➤ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:
_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:
_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

<table>
<tr><td colspan="2">NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
<tr><td colspan="2">TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td><td>FAX NO. (Optional):</td><td></td></tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR _____ )

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR _____ )

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____        _____
                                              JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV11- 6605 GW (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DANIEL MALAKHOV | CMGRP, INC. (erroneously named herein as "ROGERS & COWAN, INC."), THE INTERPUBLIC GROUP OF COMPANIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| THE CULLEN LAW FIRM, APC<br>Paul T. Cullen, Esq./ Craig S. Pynes, Esq.<br>29229 Canwood Street, Suite 208<br>Agoura Hills, CA 91301-1555<br>Telephone: (626) 744-9125 / Facsimile: (866) 794-5741 | SEYFARTH SHAW LLP<br>David D. Kadue (SBN 113578)<br>Christopher A. Crosman (SBN 190336)<br>2029 Century Park East, Suite 3500<br>Los Angeles, California 90067-3021<br>Telephone: (310) 277-7200 / Facsimile: (310) 201-5219 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332, 1441, 1446, 1453, 1711-1715 (diversity jurisdiction and Class Action Fairness Act)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-06605

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of

American LegalNet, Inc.<br>www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York - CMGRP, INC. (erroneously named herein as "Rogers & Cowan, Inc."): New York & Delaware - THE INTERPUBLIC GROUP OF COMPANIES, INC. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_ Date August 11, 2011
Christopher A. Crosman

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Page 2 of

CV-71 (05/08)　　　　　**CIVIL COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

# PROOF OF SERVICE

STATE OF CALIFORNIA       )
                               ) ss

COUNTY OF LOS ANGELES  )

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On August 11, 2011, I served the within documents:

## CIVIL COVER SHEET

[X]  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

[ ]  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

[ ]  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

THE CULLEN LAW FIRM, APC    Telephone: (626) 744-9125
Paul T. Cullen, Esq.              Facsimile: (866) 794-5741
Email: paul@cullenlegal.com
Craig S. Pynes, Esq.
Email: csp@cullenlegal.com
29229 Canwood Street, Suite 208
Agoura Hills, CA 91301-1555

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

      I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

      Executed on August 11, 2011, at Los Angeles, California.

                                     Patricia E. Haden

1

PROOF OF SERVICE

13583836v.1                         CASE NO. _____