| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| | David D. Kadue (SBN 113578) |
| 2 | E-mail: dkadue@seyfarth.com |
| | Christopher A. Crosman (SBN 190336) |
| 3 | E-mail: ccrosman@seyfarth.com |
| | 2029 Century Park East, Suite 3500 |
| 4 | Los Angeles, California 90067-3021 |
| | Telephone: (310) 277-7200 |
| 5 | Facsimile: (310) 201-5219 |
| 6 | Attorneys for Defendants |
| | INTERPUBLIC GROUP OF COMPANIES and |
| 7 | CMGRP, Inc. (erroneously named herein as |
| | "ROGERS & COWAN, INC.") |
| 8 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | DANIEL MALAKHOV, an individual, on behalf of himself and all others similarly situated, | Case No. CV11-06605 GW (FMOx) |
| 12 | | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS EIGHTH AND NINTH CLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 13 | Plaintiff, | |
| 14 | v. | |
| 15 | ROGERS & COWAN, INC., a California corporation, THE INTERPUBLIC GROUP OF COMPANIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive | |
| 16 | | |
| 17 | | **[Fed. R. Civ. P. 12(b)(6)]** |
| 18 | | Judge:   Hon. George H. Wu |
| | Defendants. | Date:    September 29, 2011 |
| 19 | | Time:    8:30 a.m. |
| | | Ctrm.:   10 |
| 20 | | |
| | | Complaint Filed:   June 30, 2011 |
| 21 | | |

DEFENDANTS' MOTION TO DISMISS
CASE NO. CV11-06605 GW (FMOx)

# NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD,**

**PLEASE TAKE NOTICE** that on September 29, 2011, at 8:30 a.m., or as soon thereafter as the parties may be heard, in Courtroom 10 of the above-entitled court, located at 312 N. Spring St., Los Angeles, CA, Defendants The Interpublic Group of Companies, Inc. and CMGRP, Inc. (erroneously named herein as "Rogers & Cowan") will and hereby do move the Court for an order dismissing Plaintiff's eighth claim for relief (for declaratory relief) and ninth claim for relief (for injunctive relief) pursuant to Federal Rule of Civil Procedure 12(b)(6), because those causes of action fail to state claims upon which relief can be granted.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 11, 2011.  This Motion is based on this Notice of Motion and Motion to Dismiss, the Memorandum of Points and Authorities in Support Thereof, the proposed order submitted concurrently herewith, and upon such other and further oral and written materials as may be presented at or before the hearing on this matter.

DATED: August 18, 2011                           SEYFARTH SHAW LLP


By  /s/ *Christopher A. Crosman*
         David D. Kadue
         Christopher A. Crosman
Attorneys for Defendants
INTERPUBLIC GROUP OF
COMPANIES and CMGRP, Inc.
(erroneously named herein as
"ROGERS & COWAN, INC.")

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF MOTION

In this putative class action, Plaintiff contends that defendants The Interpublic Group of Companies, Inc. and CMGRP, Inc. (erroneously named herein as "Rogers & Cowan") (collectively, "Defendants") required him to work "off the clock" without pay, denied him meal and rest breaks, failed to provide him with accurate wage statements, and did not pay him all wages due upon termination of employment.

Through this motion, Defendants seek dismissal of Plaintiff's eighth claim for Declaratory Relief and ninth claim for Injunctive Relief. Plaintiff's claim for declaratory relief should be dismissed because it duplicates his other claims and the alleged injury is compensable by monetary damages sought on those claims. Plaintiff's claim for injunctive relief should be dismissed because it seeks an injunction on behalf of current employees only. As a former employee, Plaintiff has no standing to seek such injunctive relief.

## II. RELEVANT BACKGROUND

Plaintiff Daniel Malakhov alleges he worked for Defendants in Los Angeles in an overtime-eligible (non-exempt) position. (Complaint ¶¶ 10, 11). He alleges that Defendants required him to work without being paid at least minimum wage (Complaint ¶¶ 31, 32), without premium pay for overtime hours worked (Complaint ¶¶ 39, 40), at less that the agreed-upon wage rate (Complaint ¶¶ 47, 48), without meal periods (Complaint ¶ 54) and rest breaks (Complaint ¶ 6), and without accurate itemized wage statements (Complaint ¶¶ 67-69). He seeks all wages due and owing to him at the time of termination of his employment (Complaint ¶ 75), and alleges unfair business practices (Complaint ¶ 86).

Plaintiff also alleges claims for declaratory and injunctive relief. These claims are based on the same allegations as the other claims. The claim for declaratory relief specifies that a controversy exists between the parties concerning

1

1  "whether Defendants have unlawfully suffered Plaintiff and the Plaintiff class to
2  work without appropriate minimum and/or premium overtime wages;" "whether
3  Defendants have unlawfully paid the Plaintiff in [sic] the Plaintiff Class a secret
4  lower wage;" and "whether Defendants . . . require . . . that current employee
5  members of the Plaintiff Class work . . . through rest periods . . . forego mandatory
6  meal breaks, and accept inaccurate wage statements." (Complaint ¶ 78).

7  Plaintiff does *not* seek relief for himself under his claim for injunctive relief,
8  because he is a former employee. Rather, in that claim Plaintiff seeks, on behalf of
9  "current employees," an injunction restraining Defendants from continuing to
10 engage in the "unlawful employment practices" that he claims he previously was
11 subjected to during the time he was employed by Defendants. (Complaint ¶¶ 81,
12 82).

### III. ARGUMENT

#### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint or a claim for relief therein for "failure to state a claim upon which relief can be granted." *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A Rule 12(b)(6) dismissal is proper where there is either a lack of a "cognizable legal theory" or the "absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citations omitted).

"[A] wholly conclusory statement of claim" does not "survive a motion to dismiss" under Rule 12(b)(6) simply because the pleadings "le[ave] open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-562, 127 S. Ct. 1995, 1968-69 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). Rather, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570. "[T]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements," do not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Accordingly, conclusory allegations or legal characterizations cast in the form of factual allegations may be disregarded. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss"); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2000) (court "not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

For the reasons set forth below, Plaintiff's claims for declaratory relief and injunctive relief fail to state claims upon which relief may be granted and the Court should therefore dismiss these claims.

### B. Plaintiff Is Not Entitled To Declaratory Relief

In his eighth claim for relief in the Complaint, Plaintiff seeks declaratory relief concerning *the same alleged wrongdoing addressed by his other claims.* Specifically, Plaintiff contends that a controversy exists between the parties concerning "whether Defendants have unlawfully suffered Plaintiff and the Plaintiff class to work without appropriate minimum and/or premium overtime wages;" "whether Defendants have unlawfully paid the Plaintiff in [sic] the Plaintiff Class a secret lower wage;" and "whether Defendants . . . require . . . that current employee members of the Plaintiff Class work . . . through rest periods . . . forego mandatory meal breaks, and accept inaccurate wage statements." (Complaint ¶ 78).

A declaratory judgment cannot be brought unless an actual, justiciable controversy exists. Declaratory Judgment Act, 28 U.S.C. § 2201(a). Declaratory relief is only appropriate "(1) when the judgment will serve a useful purpose in clarifying and setting the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the

3

proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986). Here, Plaintiff's claim for declaratory relief entirely duplicates other claims he has alleged in this action. Therefore, this claim is superfluous and serves no useful purpose, and should be dismissed.

Furthermore, even if there were an actual, justiciable controversy to be decided on this claim, a federal district court has discretion whether to entertain a claim for declaratory relief. Declaratory Judgment Act, 28 U.S.C. § 2201(a); *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 802 (9th Cir. 2002). This provides another basis for the Court to dismiss the claim.

Plaintiff is a *former* employee[1] who is seeking recovery of wages and penalties that supposedly remain unpaid following the termination of his employment. This is a fully matured claim, based on events that occurred in the past. Plaintiff is not entitled to declaratory relief with respect to past wrongs. *Delaware State University v. Ambling Management Co.,* 556 F. Supp. 2d 367, 374 n.4 (D. Del. 2008); *Liberty Mut. Ins. Co. v. UPA California*, 2009 WL 415656, at *3 (N.D. Cal., 2009) (dismissing a claim for declaratory relief because "[a] declaratory judgment is inappropriate solely to adjudicate past conduct" (citations omitted)).

Furthermore, Plaintiff's claim should be dismissed because the alleged injury is compensable by monetary damages and the actions complained of are duplicative of his other claims. While the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate (Fed. R. Civ. P. 57), the "availability of other adequate remedies may make declaratory relief inappropriate." *StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, at *4 (N.D. Cal. May 2, 2006), (citing William Schwarzer, A. Wallace Tashima, James M. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE

---

[1] Complaint ¶¶ 10, 11; he specifically alleges he is a member of the purported Subclass under Labor Code section 203, alleging he was not paid all wages due and owing at the time of termination of employment. Complaint ¶ 75.

1  TRIAL, § 10:13.5 (The Rutter Group 2005)).  A declaratory judgment claim
2  should be dismissed as needlessly duplicative where, as is the case here, there is
3  "nothing in Plaintiff's complaint to suggest the declaratory judgment claim would
4  entitle him to damages or relief beyond the relief requested pursuant to his
5  substantive claims."  *Ricon v. Recontrust Co.*, 2009 WL 2407396, at *6 (S.D. Cal.
6  Aug. 4, 2009); *see also The Pantry, Inc. v. Stop-N-Go Foods*, *Inc.*, 777 F. Supp.
7  713, 717-18 (S.D. Ind. 1991) (holding that a "declaratory judgment claim [was]
8  inappropriately raised because the plaintiff [would] be fully compensated if it
9  prevails on the breach of contract claim").

Plaintiff's claim for declaratory relief attempts to accomplish what courts discourage -- to determine issues relating to past conduct that are identical to those that can be adjudicated under other claims.  There is nothing in Plaintiff's complaint to suggest that a declaratory judgment claim would entitle him to relief beyond what already has been requested in his substantive claims, and declaratory relief is not the proper procedure when a party has a fully matured cause of action for money damages.  For these reasons, Plaintiff's claim for declaratory relief should be dismissed.

### C.   Plaintiff Is Not Entitled To Injunctive Relief

Plaintiff seeks, on behalf of "current employees," an injunction restraining Defendants from continuing to engage in the "unlawful employment practices" that he claims he previously was subjected to during the time he was employed by Defendants.  (Complaint ¶¶ 81, 82).  However, Plaintiff is *not* one of the current employees who would benefit from such an injunction, but instead is a former employee.  (Complaint ¶¶ 10, 11, 75).

As a result, Plaintiff has no standing to seek injunctive relief.  *See, e.g., Walsh v. Nevada Dept. of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (explaining that plaintiff lacked standing to seek injunctive relief because she was a former employee and, therefore, would not benefit from an injunction changing

5

the challenged employment practice); *See also Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974) ("[T]o have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents."); *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (explaining that a plaintiff with no individual claim "cannot represent others who may have such a claim, and [such a] bid to serve as a class representative must fail").

Because Plaintiff is not a current employee, he is not entitled to seek injunctive relief on behalf of those individuals who are. His Complaint fails to state a proper claim for injunctive relief, and therefore this claim should be dismissed

## IV. CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's eighth claim for Declaratory Relief and ninth claim for Injunctive Relief.

DATED: August 18, 2011         SEYFARTH SHAW LLP

By  /s/ *Christopher A. Crosman*
    David D. Kadue
    Christopher A. Crosman
Attorneys for Defendants
INTERPUBLIC GROUP OF
COMPANIES and CMGRP, Inc.
(erroneously named herein as
"ROGERS & COWAN, INC.")

# PROOF OF SERVICE

STATE OF CALIFORNIA  )
                                    ) ss
COUNTY OF LOS ANGELES  )

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On August 18, 2011, I served the within documents:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS EIGHTH AND NINTH CLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☒   electronically by using the Court's ECF/CM System.

THE CULLEN LAW FIRM, APC     Telephone: (626) 744-9125
Paul T. Cullen, Esq.                      Facsimile: (866) 794-5741
Email: paul@cullenlegal.com
Craig S. Pynes, Esq.
Email: csp@cullenlegal.com
29229 Canwood Street, Suite 208
Agoura Hills, CA 91301-1555

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

      I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

      Executed on August 18, 2011, at Los Angeles, California.

                                                                           /s/ Patricia E. Haden
                                                                               Patricia E. Haden