**THE CULLEN LAW FIRM, APC**
**Paul T. Cullen, Esq. (#193575)**
**29229 Canwood Street, Suite 208**
**Agoura Hills, CA  91301-1555**
**(626) 744-9125/ fax (626) 744-9436**
**paul@cullenlegal.com**

Attorneys for Plaintiff Daniel Malakhov
individually on behalf of himself, all others
similarly situated, and the general public

UNITED STATES DISTRICT COURT

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL MALAKHOV, an individual, on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>ROGERS & COWAN, INC., a California corporation, THE INTERPUBLIC GROUP OF COMPANIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO. CV11-06605 GW (FMOx)<br><br>**CLASS ACTION**<br><br>OPPOSITION TO MOTION TO DISMISS EIGHTH AND NINTH CAUSES OF ACTION; SUPPORTING DECLARATION OF PAUL T. CULLEN<br><br>Judge: Hon. George H. Wu<br>Date:   September 29, 2011<br>Time:   8:30 a.m.<br>Ctrm:   10<br><br>Complaint Filed: June 30, 2011 |

    Plaintiff  DANIEL MALAKHOV on behalf of himself, all others similarly

situated, and the general public (hereinafter "Plaintiffs") hereby submits his

Opposition to Defendants' Motion to Dismiss their Eighth and Ninth Causes of

Action:

# MEMORANDUM OF POINTS AND AUTHORITIES

# I.

# INTRODUCTION

Without making any real effort to comply with this court's Local Rule, 7-3 requiring the parties to meet and confer to try to resolve issues to be raised in a motion to dismiss, defendants filed the instant motion after only a cursory mention of their intent to do so during a telephone conversation with the undersigned. *See* Declaration of Paul T. Cullen ("Cullen Decl.") below at ¶ 3-4. It is submitted that the obligation to meet and confer requires a bit more than an offhand comment that a party intends to bring a motion on a certain issue. Thus, on a procedural basis alone, the motion should be thrown out for their disregard of this Court's rules.

Turning to the merits, this is a putative class action in its very early stages. As addressed in detail below, the law is unsettled on whether a class representative is required to be a current employee. If only current employees could sue for injunctive or declaratory relief, such relief would probably never be sought as current employees may lack resolve to sue their own employer for fear they may lose their jobs. Defendants' motion to dismiss with respect to Plaintiff's injunctive relief claims should be denied, because Plaintiff seeks to represent a class that includes current employees, and thus they have standing to obtain this remedy for their benefit. Several courts have denied the same motion under nearly identical facts, holding that "[d]efendants offer no definitive authority that plaintiffs are unable to rely on unnamed putative class members for standing."

*Johnson v. GMRI, Inc.*, No. CV F 07-0283, 2007 U.S. Dist. LEXIS 66058, at *12-13 (E.D. Cal. Aug. 27, 2007); *Jacobs v. Genesco, Inc.*, No. CIV. S-08-1666, 2008 U.S. Dist. LEXIS 79882 (E.D. Cal. Sept. 3, 2008) (same).

Even if a class representative is required to be a current employee, they should be able to obtain a class list, so that a current employee can be identified to act as a class representative on behalf of current employees.  Plaintiff should at least be permitted time to interview current employees to potentially add a current employee for the purpose of seeking injunctive relief.  If Defendants' motion is granted without this opportunity, it will prejudice current employees because it is likely to foreclose any chance of obtaining injunctive relief as current employees are unlikely to file suit, fearing retaliation.  Indeed, this dilemma has led numerous courts to permit former employees to seek injunctive relief on behalf of current employees in discrimination actions. The same reasoning applies equally here. Accordingly, the Court should deny Defendants' motion.

## II.

## ARGUMENT

A.  **The Court Should Permit Plaintiff To Seek Declaratory Relief For Putative Class Members**

Defendants assert that Plaintiff is not entitled to declaratory relief, because that relief concerns the same alleged wrongdoings addressed by his other claims. In part, the defendants are correct. But in part, they completely miss one of the major points of this lawsuit, one which distinguishes this case from those upon which defendants rely for the proposition that declaratory relief is inappropriate.

Here the purpose of declaratory relief is, in essence, similar to that of the injunctive relief requested in the complaint – it is designed to help current employee members of the putative class. If, on a motion for summary adjudication, certain of defendants' policies are declared to be unlawful as to either plaintiff or to members of the putative class, the same could have dramatic implications for a liability phase in trial, especially on issues of waiting time penalties, where the willfulness of a defendant's misconduct is at issue.  It is believed that the employment practices of which plaintiff complains, i.e. the requirement for defendants' non-exempt employees to perform off the clock work, are practices that may well persist even since the filing of the complaint herein.

If that turns out to be true (and Plaintiff has no reason to believe otherwise), the declaratory judgment would not just be addressing historical acts; rather, it would be addressing the current conduct of the defendants herein with respect to current employee members of the putative class that plaintiff seeks to represent. As such, defendant's own citations to cases such as *Ricon v. Recontrust Co.,* 2009 WL 2407396, at*6 (SD Cal August 4, 2009) and *The Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 777 F. Supp. 713, 717-18 (SD Ind 1991) are not just inapposite, they tend to support the plaintiff.

In particular, the suggestion that Plaintiff here would be fully compensated if he prevails on any of his other claims (which defendants, without explanation, liken to a breach-of-contract claim), is simply untrue.   Mr. Malakoff is not here just for himself.  It is also not seeking to remedy a breach of contract.  He is seeking to represent the interests of all of the putative class members – interests

that include nonwaivable rights that are intertwined with the well-established public policies under California law.  If Mr. Malakhov prevails on a claim for unpaid wages, penalties, and restitution for himself alone in this action, he *will not have been fully compensated,* because, he is not seeking redress merely for grievances that are unique to himself.  He is seeking full compensation for a class of individuals.  What is more, and what makes this particularly different from a contract claim, is that the complaint is addressing issues of public policy regarding minimum and overtime wages and the abatement of the wrongful practices alleged to have been committed by the defendants herein.

Indeed, one of the primary purposes of class action litigation is to effectuate on a prospective basis change in business practices affecting large numbers of individuals.  It is not just about righting past wrongs.  It is about preventing the recurrence of said wrongs in the future.  For that reason, declaratory relief is particularly appropriate here, because it will serve to curb future abuses by defendants of the lowest-paid members of their staff.

**B.**    **The Court Should Permit Plaintiff to Seek Injunctive Relief for Putative Class Members.**

**1.**    **Plaintiff Has Standing Through Current Employee Putative Class Members.**

Although Plaintiff is no longer a current employee, he seeks to represent a putative class that includes what defendant's counsel has represented to be approximately 1600 employees, of which plaintiff estimates there are likely to be hundreds of current employees.  They deserve to have their voices heard in this

court, and the named plaintiff, even though he is no longer employed with the defendants, should be permitted to seek injunctive relief on their behalf so that they may be protected from the unlawful practices of which he complains.   At least a couple cases have allowed former employees to represent the interests of current employees to seek injunctive relief in this context.  *Johnson v. GMRI, Inc*., No. CV F 07-0283, 2007 U.S. Dist. LEXIS 66058 (E.D. Cal. 2007) and *Jacobs v. Genesco, Inc*., No. CIV. S-08-1666, 2008 U.S. Dist. LEXIS 79882 (E.D. Cal. 2008).  *Johnson* involved a wage and hour putative class action against the Olive Garden Restaurant which also alleged violation of the UCL for unpaid split shift premiums and employees' payment of employer losses. The plaintiffs also sought injunctive relief through their UCL claim.  *Id*. at *4. The defendant moved to strike the plaintiffs' claims for injunctive relief because neither named plaintiff was currently employed. *Id*. at *5-7.  In response, the plaintiffs argued that former employees regularly have been found to have standing despite being former employees, because current employees will often be unlikely to file complaint for fear of retaliation. *Johnson*, 2007 U.S. Dist. LEXIS 66058 at *9.

The *Johnson* court denied the defendant's motion holding:

"Disqualifying plaintiffs to seek injunctive relief would unfairly advantage defendants and rob potential class members of a remedy. The circumstances here raise at least an inference that current employees may be resistant to champion the claims of potential class members...Defendants offer no definitive authority that plaintiffs are unable to rely on unnamed putative class members for standing." *Id*. at *12-13.

*Jacobs* is also on point, and reached a similar conclusion. In *Jacobs*, a former assistant manager brought a putative class action for various causes of action including minimum wages, overtime, meal and rest period violations. *Id.* at *2-4. He also sought injunctive relief. *Id.* The *Jacobs* court, referring to discrimination actions, acknowledged that "[i]n representative actions, courts have held that former employees have standing to represent current employees." *Id.* at *9, citing *Wofford v. Safeway Stores*, 78 F.R.D. 460 (N.D. Cal. 1978). The *Jacobs* court then **denied** the defendant's motion to strike holding:

"Defendant offers no authority to support its argument that plaintiff cannot rely on unnamed putative class members for standing". *Id.* at 10.

Here, Plaintiff seeks to obtain injunctive relief on behalf of current employees just as in Johnson and Jacobs. Through the discovery process, which has yet to commence in this forum, plaintiff plans to seek a list of the names and contact information of putative class members from defendants. These class members will include current employees. As in *Johnson* and *Jacobs*, Defendants' motion should be denied to allow Plaintiff to interview current employees to determine if one or more of these current employees seek to represent other current employees in seeking injunctive relief.

**2.** **If Plaintiff is not Permitted to Seek Injunctive Relief on Behalf of Prospective Class Members, They Will Likely be Unable to Obtain This Remedy.**

Although Defendants argue that Plaintiff lacks standing, there is a well established exception to the general rule of standing where "the underlying dispute between the parties is one 'capable of repetition, yet evading review."

*Neb. Press Ass'n v. Stuart,* 427 U.S. 539, 546 (U.S. 1976), citing *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911). Here, the current employees will be very reluctant to bring a suit against their current employee in order to seek injunctive relief prohibiting Defendants from continuing to violate the Labor Code. Such reluctance will only be magnified here, because this action concerns non-exempt employees, who by their very nature are on the lowest level of the corporate ladder, and are likely seeking a foothold in the entertainment industry, which is notorious for blackballing individuals who make waves.

The issue of former employees seeking injunctive relief for current employees has been litigated numerous times in discrimination actions. In those cases, courts have recognized "[a] rule disqualifying discharged employees from representing current employees as a matter of law would be intolerable, since it would allow an unscrupulous employer to immunize himself from class action suits." *Wofford*, 78 F.R.D. at 490. Thus, the cases have allowed former employees to represent current employees for purposes of injunctive relief. *Id*. ("there is ample support for the position that former employees may represent present employees."); *Blackwell v. Skywest Airlines*, 245 F.R.D. 453, 465 (S.D. Cal. 2007) ("former employees, however, may be adequate representatives of current employees in a class action."); *Wetzel v. Liberty Mutual Ins*. Co., 508 F.2d 239, 247 (3rd Cir. 1975) (same); see also *Maddock v. KB Homes, Inc*., 248 F.R.D. 229, 238 (C.D. Cal. 2007) (same); *Ellis v. Costco Wholesale Corp*., 240 F.R.D. 627, 637 (N.D. Cal. 2007) ("To hold that employees must continue to work in jobs

where they face discrimination in order to challenge the discrimination would pervert Article III's injury-in-fact requirement.")

As in those actions, if Plaintiff is not allowed to represent current employees who are fearful of retaliation by their current employee, Defendants will essentially be shielded from any likelihood of injunctive relief despite Defendants' ongoing Labor Code violations. This warrants an exception to the general rule of standing which should be applied in this instance.

## III.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Daniel Malakhov respectfully requests that the court deny Defendants' Motion to Dismiss in its entirety.

Date:                                    **THE CULLEN LAW FIRM, APC**


By:  _____/s.s./_____
                    **Paul Cullen, Esq.**
                    **THE CULLEN LAW FIRM, APC**
                    **29229 Canwood Street, Suite 208**
                    **Agoura Hills, CA  91301-1555**
                    **(626) 744-9125/ fax (626) 744-9436**
                    **paul@cullenlegal.com**

                    ***Attorneys for Plaintiff***

## DECLARATION OF PAUL T. CULLEN

I, Paul T. Cullen, declare:

1.    I am the principal and owner of The Cullen Law Firm, APC, counsel of record for the plaintiff herein. I have personal knowledge of all facts herein stated, and I would and could competently testify to the same if called upon to do so.

2.    Pursuant to the Central District Local Rules, Rule 7-3, counsel for defendants is required to contact my office "to discuss *thoroughly, preferably in person,* the substance of the [present] contemplated motion and any potential resolution." (Emphasis added.)

3.    The only inkling I had that defendants intended to file this motion was a brief comment from Mr. Crossman in a telephone conversation I had with him on the date that this case was removed from the Los Angeles Superior Court to this Court.  The conversation occurred when I returned his call from a voice mail message.  During our conversation, Mr. Crossman informed me that the defendants had removed my client's case to federal court. We then discussed various aspects of the case, but he only made a passing comment regarding the defendant's intent to file a motion to strike the equitable relief because he didn't think our client as a former employee was entitled to it.  I do not recall discussing it in any detail.  I do not believe that the brief comment made by Mr. Crossman during that discussion can fairly be characterized as a thorough discussion of the substance of the contemplated motion or a potential resolution, such as that which is required under LR 7-3.

4.    Moreover, I never received any sort of letter or e-mail identifying the legal basis for the proposed motion, nor to my knowledge has anybody on my staff.

/ / /

5.    Defense counsel's apparent disregard of this rule authorizes the court to
deny their motion.

    I declare under penalty of perjury under the laws of the United States and
the state of California that the foregoing is true and correct.  Executed September
8, 2011 in Los Angeles, California.


                         _____/s/_____

                         Paul T. Cullen, declarant

**OPPOSITION TO MOTION TO DISMISS EIGHTH AND NINTH CAUSES OF ACTION**