SEYFARTH SHAW LLP
David D. Kadue (SBN 113578)
E-mail: dkadue@seyfarth.com
Christopher A. Crosman (SBN 190336)
E-mail: ccrosman@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
THE INTERPUBLIC GROUP OF COMPANIES and
CMGRP, Inc. (erroneously named herein as
"ROGERS & COWAN, INC.")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MALAKHOV, an individual, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>ROGERS & COWAN, INC., a California corporation, THE INTERPUBLIC GROUP OF COMPANIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive<br><br>  Defendants. | Case No. CV11-06605 GW (FMOx)<br><br>**DECLARATION OF CHRISTOPHER A. CROSMAN IN SUPPORT OF DEFENDANTS' REPLY RE MOTION TO DISMISS**<br><br>Judge:   Hon. George H. Wu<br>Ctrm.:   10<br><br>Complaint Filed:   June 30, 2011 |

## DECLARATION OF CHRISTOPHER CROSMAN

I, Christopher Crosman, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and the United States District Court for the Central District of California. I am an attorney with the law firm of Seyfarth Shaw LLP, counsel of record for Defendants Interpublic Group of Companies and CMGRP, Inc. (erroneously named herein as "Rogers & Cowan, Inc."). I am one of the attorneys responsible for Defendants' representation in this action and, on that basis, I have personal knowledge of the facts stated in this declaration. If called as a witness, I could and would testify competently and truthfully to these facts. I make this declaration in support of Defendants' Reply Brief in Support of Motion to Dismiss.

2. On August 11, 2011, Defendants removed this matter from the Los Angeles Superior Court. This removal started the clock on the seven-day deadline for Defendants to file a responsive pleading. Because Defendants intended to file a Motion to Dismiss as to the equitable claims in the Complaint, on that same day my colleague David Kadue and I telephoned Paul Cullen, Plaintiff's counsel, for the purpose of conducting the conference of counsel pursuant to Local Rule 7-3. Mr. Cullen was not available, so we left a message.

3. Later on that same day, Mr. Cullen called me back and we spoke about this lawsuit. I advised Mr. Cullen that, instead of immediately answering the Complaint, Defendants intended to file a Motion to Dismiss the claims for injunctive relief and declaratory relief. I stated that we needed to confer prior to filing the motion, but that the grounds were very straightforward. I advised Mr. Cullen that the basis for the motion as to the claim for declaratory relief would be that it duplicated his other claims and that the alleged injury is compensable by monetary damages sought on those claims. As to the claim for injunctive relief, the grounds were that it sought an injunction on behalf of current employees only, and that Plaintiff, as a former employee, lacked standing to pursue such a claim.

4. Mr. Cullen responded by stating "I probably won't fight you too hard on that one." One of us (I cannot recall who) also mentioned the possibility that Plaintiff could simply dismiss the claims in question and amend his Complaint, rather than oppose the Motion to Dismiss. Mr. Cullen did not provide any further views on the motion, nor did he ask any questions about it during the call.

5. Instead, Mr. Cullen seemed much more interested in discussing other aspects of the litigation. When I informed him that Defendants were removing the matter to District Court, he asked me numerous questions regarding the Defendants, their business structure, the number of potential class members, and so forth. He also requested that I send him a courtesy copy of the removal papers via email that day, which I then did.

6. After the call concluded, my belief was that Mr. Cullen was most likely going to voluntarily dismiss the equitable claims in the Complaint rather than file an opposition. Based on his reaction to my call, it seemed to me that he did not care to spend time opposing the motion because these claims are duplicative of the other claims in the Complaint and do not add much to Plaintiff's case. I also did not get the impression that he disagreed with Defendants' legal position on the matter.

7. Following my call with Mr. Cullen on August 11, my understanding was that the parties had fully complied with Local Rule 7-3, and that there was nothing left to discuss prior to filing the Motion to Dismiss. Mr. Cullen never called me back to say there was anything further that he wanted to discuss prior to the filing deadline. *Indeed, in his Opposition Mr. Cullen does not identify a single issue that he believes should have been discussed regarding the motion prior to it being filed*.

8. On or about September 6, 2011, I telephoned Mr. Cullen to set up a time for us to conduct the Rule 26 conference of counsel. During the call, Mr. Cullen mentioned to me that Plaintiff would be opposing the Motion to Dismiss,

| | |
|---|---|
| 1 | rather than simply amending the Complaint and voluntarily dismissing the claims |
| 2 | at issue.  Up to this point, based on our discussion during the Local Rule 7-3 |
| 3 | conference, I was expecting that Plaintiff would most likely *not* oppose the motion. |
| 4 | Based on the manner in which Mr. Cullen raised this topic with me on September |
| 5 | 6, it seemed to me that he recognized that he had given me this impression during |
| 6 | our earlier call, but that he had now changed his mind.  At no time during this call |
| 7 | did he state to me that he believed that I had not sufficiently conferred with him |
| 8 | prior to filing the Motion to Dismiss.  To the contrary, the manner in which he |
| 9 | raised the topic confirmed to me that we had understood each other perfectly |
| 10 | during our earlier conversation. |
| 11 |      I declare under penalty of perjury pursuant to the laws of the United States |
| 12 | and California that the foregoing is true and correct. |
| 13 |      Executed this 15th day of September, 2011, at Los Angeles, California. |

                                              /s/ *Christopher A. Crosman*
                                              Christopher A. Crosman

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF LOS ANGELES  )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On September 15, 2011, I served the within documents:

**DECLARATION OF CHRISTOPHER A. CROSMAN IN SUPPORT OF DEFENDANTS' REPLY RE MOTION TO DISMISS**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☒ electronically by using the Court's ECF/CM System.

THE CULLEN LAW FIRM, APC          Telephone: (626) 744-9125
Paul T. Cullen, Esq.               Facsimile: (866) 794-5741
Email: paul@cullenlegal.com
Craig S. Pynes, Esq.
Email: csp@cullenlegal.com
29229 Canwood Street, Suite 208
Agoura Hills, CA 91301-1555

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on September 15, 2011, at Los Angeles, California.

/s/ Patricia E. Haden
_____
Patricia E. Haden